JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DONALD HOILAND

**DEFENDANTS**

MEN OF STEEL ENTERPRISES, LLC; MEN OF STEEL REBAR FABRICATORS, LLC; EMPIRE STATE REBAR INSTALL, LLC

**(b)** County of Residence of First Listed Plaintiff   Benton County, WA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Bucks County, PA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Derek Smith Law Group, PLLC
1835 Market Street, Suite 2950, Philadelphia, PA 19103

Attorneys *(If Known)*

Cohen Seglias
30 South 17th Street, 19th Floor, Philadelphia, PA 19103

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §§ 2601 et seq.; 42 U.S.C. §§ 12101 et seq.

Brief description of cause:
Family and Medical Leave Act; Americans with Disabilities Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE                                   DOCKET NUMBER

DATE
June 17, 2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **DONALD HOILAND,** | : CIVIL ACTION |
|  | : NO. |
| Plaintiff, | : |
|  | : |
| v. | : **COMPLAINT** |
|  | : |
| **MEN OF STEEL ENTERPRISES, LLC;** | : |
| **MEN OF STEEL REBAR** | : JURY TRIAL DEMANDED |
| **FABRICATORS, LLC; EMPIRE STATE** | : |
| **REBAR INSTALL, LLC,** | : |
|  | : |
| Defendants. | : |
|  | : |

Plaintiff, Donald Hoiland, residing at 8506 E. Massingale Road, Benton City, WA 99320,

by way of Complaint, states:

## NATURE OF THE ACTION

1. This is an action to remedy unlawful discrimination and retaliation under the Family and
   Medical Leave Act of 1993, 29 U.S.C. §§ 2601 et seq. ("FMLA"); the Americans with
   Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA"); and the New Jersey Law Against
   Discrimination, N.J.S.A. §§ 10:5-1 et seq. ("NJLAD").

2. Plaintiff is seeking damages to redress the injuries that he has suffered as a result of being
   discriminated and retaliated against by Defendants, his employers, on the basis of his
   disability.

## JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction over this matter under 28 U.S.C. §
   1331 because it contains questions of federal law under the FMLA and ADA.

1

4. This Court has supplemental jurisdiction over Plaintiff's NJLAD claims because those claims arise out of the same nucleus of operative fact as her federal law claims.

5. This Court has personal jurisdiction over Defendants because Defendants' principal places of business or residences are within this District, Defendants regularly provide services to persons within this District, Defendants regularly conduct business within this District, and Defendants otherwise have made or established contacts within this District sufficient to permit the exercise of personal jurisdiction.

6. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2) because Defendants reside in this District and a substantial part of the events giving rise to Plaintiff's claims took place in this district.

## PARTIES

7. Plaintiff, Donald Hoiland, is a forty-six-year-old male who resides at the above address; and was, at all relevant times, an employee of Defendant and entitled to protections under the FMLA, ADA and NJLAD.

8. Defendant, Men of Steel Enterprises, LLC, is a domestic limited liability company organized and existing under the laws of the State of New Jersey; and was, at all relevant times, Plaintiff's employer and subject to the FMLA, ADA and NJLAD.

9. Defendant, Men of Steel Rebar Fabricators, LLC, is a domestic limited liability company organized and existing under the laws of the State of New Jersey; and was, at all relevant times, Plaintiff's employer and subject to the FMLA, ADA and NJLAD.

10. Defendant, Empire State Rebar Install, LLC, is a domestic limited liability company organized and existing under the laws of the State of New York; and was, at all relevant times, Plaintiff's employer and subject to the FMLA, ADA and NJLAD.

11. At all times material, Defendants, Men of Steal Enterprises, LLC, Men of Steal Rebar Fabricators, LLC and Empire State Rebar Install, LLC (collectively hereinafter referred to as Defendants) were Plaintiff's joint and/or sole employer(s).

**FACTS**

12. Around February 2, 2015, Plaintiff started working for Defendants in the position of General Manager and Vice President of Installation.

13. Plaintiff's job duties included overseeing and directing Defendants' crew members during rebar installations at job sites throughout the State of New Jersey, as well as New York City.

14. On or around November 2, 2017, Plaintiff severely injured his back at work. Plaintiff lost his footing on a loose rock and fell at a job site. Because of his injury, Plaintiff was taken by an ambulance to a nearby hospital and ultimately hospitalized for five days, and then underwent treatment at an inpatient rehab program for twelve days to recover.

15. Plaintiff was diagnosed with two herniated discs with nerve damage and radiculopathy.

16. Because of his injury, Plaintiff's activities of daily living were seriously limited. He was instructed by his doctor avoid or limit lifting; avoid or limit climbing ladders and stairs; and avoid or limit bending, twisting, and walking. Plaintiff informed Defendants that he was suffering a serious health condition involving ongoing health care provider visits and treatment.

17. On that date, Plaintiff was an employee eligible for FMLA leave and Defendants were covered under the FMLA.

18. Plaintiff went out of work on "medical leave" to allow his injuries to heal. Additionally, Plaintiff applied for Worker's Compensation Benefits.

19. Defendants were placed on notice that Plaintiff's leave was for an FMLA-qualifying reason; however, Defendants failed to properly initiate the FMLA required notifications and eligibility checks, and/or otherwise determine if Plaintiff was eligible for FMLA leave.

20. On or around March 1, 2018, Plaintiff underwent lumbar discectomy surgery to relieve his pain from the disc herniation. The estimated recovery time was three months.

21. At all relevant times, Plaintiff continued to update Defendants about his health status and efforts toward recovery.

22. On or around March 28, 2018, Defendants mailed Plaintiff documentation regarding the FMLA and requested that the paperwork be completed by Plaintiff's physician and returned to Defendants. This was the first time Defendants informed Plaintiff about his FMLA rights.

23. On or around March 30, 2018, Plaintiff contacted his supervisor, Mike Zuidema, regarding the FMLA paperwork he received and asked why he had not previously been made aware of his rights under the FMLA.

24. Additionally, Plaintiff requested Mr. Zuidema inquire why Defendants had suddenly stopped making Plaintiff's rent payments (to date Defendants had been making Plaintiffs' rent payments pursuant to the terms and conditions of Plaintiff's employment).

25. Additionally, Plaintiff informed Mr. Zuidema that he anticipated being cleared to return to work within a few weeks.

26. Plaintiff completed the documentation and sent it back to Defendants. The documentation contained sufficient information for Defendants to determine Plaintiff's eligibility for FMLA leave, *inter alia*, (1) contact information for Plaintiff's health care providers; (2)

when the serious health condition began; (3) how long the serious health condition was expected to last; (4) Plaintiff's present inability to return to work and the likely duration of his inability; (5) Plaintiff's need for continuous leave; and (6) appropriate medical facts about Plaintiff's condition (information on symptoms, doctor visits, diagnoses, etc.).

27. On or around April 6, 2018, Mr. Zuidema contacted Plaintiff to inform him that he qualified for FMLA leave and that Defendants would retroactively apply Plaintiff's rights under the FMLA.

28. On or around April 18, 2018, Defendants informed Plaintiff that they would no longer be paying Plaintiff's rent, despite having previously agreed to do so pursuant to the terms and conditions of Plaintiff's employment.

29. On or around May 30, 2018, Plaintiff contacted Defendants and requested to return to work with a reasonable accommodation. Plaintiff provided Defendants with a doctor's note indicating that he was cleared to return to work with restrictions, effective May 30, 2018 through June 27, 2018. Plaintiff's work restrictions precluded him from exerting more than five (5) pounds of force and/or a negligible amount of force to frequently lift, carry, push, pull or otherwise move objects; however, Plaintiff was otherwise able to perform the essential functions of the job.

30. At no time did Defendants provide a response to Plaintiff or engage in the interactive process to determine whether Plaintiff could return to work with a reasonable accommodation regarding Plaintiff's restricted duty status.

31. On or around June 19, 2018, Plaintiff attempted to follow up with Defendants regarding his previous request to return to work with a reasonable accommodation. Again,

Defendants failed to respond to Plaintiff's request and Defendants otherwise failed to interact with Plaintiff regarding his request to return to work.

32. During this time, Plaintiff suffered a disc re-herniation, and his doctors suggested that he undergo a second surgery, which would also require reasonable accommodations.

33. To date, Defendants have failed to interact with Plaintiff regarding his repeated requests for reasonable accommodations.

34. To date, Defendants have avoided all contact with Plaintiff regarding the status of his employment and Defendants have failed to allow Plaintiff to return to work despite Plaintiff having been cleared to return to work by his doctor.

35. When Plaintiff attempted to return from FMLA leave, Defendants failed to restore Plaintiff to the same job that he held when his leave began or to an equivalent job.

36. Defendants interfered with, restrained and/or denied Plaintiff's exercise (or the attempt to exercise) his rights under the FMLA, ADA and NJLAD.

37. Defendant improperly refused to authorize Plaintiff's FMLA leave and/or his request to return to work with reasonable accommodations under the ADA and NJLAD.

38. Defendants improperly discouraged Plaintiff from using FMLA leave.

39. Defendants failed to give Plaintiff a timely Eligibility Notice within five (5) days of the date Defendants learned that Plaintiff's leave may be for an FMLA-qualifying reason

40. Upon learning that Plaintiff's dire accident-related medical condition qualified for FMLA leave, Defendants failed to make an eligibility determination.

41. Defendants also failed to give Plaintiff a timely Rights and Responsibilities notice in writing.

42. Defendants failed to respond to Plaintiff's numerous inquiries concerning his rights and responsibilities under the FMLA, ADA and NJLAD.

43. Defendants failed to timely notify Plaintiff that a medical certification was required concerning Plaintiff's need for FMLA leave.

44. When Plaintiff made a diligent, good faith effort to timely provide a medical certification, Defendants failed to give Plaintiff additional time to provide the certification and/or otherwise failed to engage in the interactive process.

45. Plaintiff provided a complete and sufficient medical certification that Defendants failed to accept.

46. Defendants improperly used Plaintiff's taking of FMLA leave and/or his requests for reasonable accommodations under the ADA and NJLAD as a deciding factor or factors in disciplining and firing Plaintiff.

47. Defendants improperly counted Plaintiff's FMLA leave under its attendance policy.

48. Defendants failed to provide benefits to Plaintiff on unpaid FMLA leave.

49. Defendants discriminated against Plaintiff for opposing and/or complaining about Defendants' unlawful practices under the FMLA, ADA and NJLAD.

50. Defendants failed to make, keep and preserve the requisite records under the FMLA, including but not limited to, Plaintiff's medical records concerning his request for FMLA leave; copies of FMLA notices provided to Plaintiff; and/or records of any dispute between Defendant and Plaintiff regarding the designation of leave as FLMA.

51. Plaintiff claims constructive and/or actual discharge.

52. Plaintiff claims a continuous practice of discrimination under the continuing violations doctrine.

7

53. Defendant has exhibited a pattern and practice of not only discrimination but also retaliation.

54. Because of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, salary, bonuses, benefits and other compensations which such employment entails; as well as past and future pecuniary losses, emotional distress, humiliation, suffering, inconvenience, loss of enjoyment of life activities, and other non-pecuniary loses.

55. Plaintiff further claims aggravation, activation and/or exacerbation of any preexisting condition.

56. Plaintiff is entitled to reinstatement, liquidated damages, attorneys' fees and costs.

57. Because Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff also claims punitive damages against Defendants.

58. The above are just some examples, of some of the discrimination and retaliation to which Defendants subjected Plaintiff.

## COUNT I
## VIOLATIONS OF THE FMLA
## FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. §§ 2601 et seq.

59. Plaintiff repeats and realleges every allegation made in the above paragraphs of this complaint.

60. The FMLA provides eligible employees of covered employers with up to 12 workweeks of unpaid, job protected leave in a 12-month period for, *inter alia*, a serious health condition that makes the employee unable to perform the essential functions of his job. 29 U.S.C. §§ 2601 et seq.

61. A covered employer must provide FMLA benefits and protections to eligible employees and comply with other responsibilities under the FMLA and its regulations at 29 C.F.R. part 825.

62. At all relevant times, Plaintiff was an eligible employee of a covered employer with a qualifying medical condition entitling him to the protections of the FMLA.

63. Defendants violated the FMLA by interfering with, restraining and/or denying Plaintiff's rights under the FMLA by, *inter alia*:

    a.   Failing to comply with the general notice requirements under the FMLA;

    b.   Failing to comply with the eligibility notice requirements under the FMLA;

    c.   Failing to comply with the rights and responsibilities notice requirements under the FMLA;

    d.   Failing to comply with the designation notice requirements under the FMLA;

    e.   Failing to provide notice of a fitness-for-duty certification with the designation notice as required by the FMLA;

    f.   Failing to continue to contribute to Plaintiff's health benefits while he was placed on involuntary medical leave;

    g.   Discharging and/or constructively discharging, suspending and/or disciplining Plaintiff notwithstanding that Plaintiff was fit to perform his duties and return to work at the end of his FMLA leave;

    h.   Retaliating against Plaintiff for asking for attempting to exercise his rights under the FMLA;

    i.   Failing to provide Plaintiff with the proper FMLA forms and/or medical certifications;

    j.  Failing to supervise and/or train its employees and supervisors on compliance with the provisions of the FMLA;

    k.  Failing to have in place proper FMLA policies, procedures and compliance; and/or

    l.  Otherwise violating the FMLA.

64. Defendants' violations of the FMLA were grossly negligent and/or willful.

65. As a direct and proximate cause of Defendants' willful violations of the FMLA, Defendants are liable for Plaintiff's compensation and benefits lost by reason of the violations, for other actual monetary losses sustained as a direct result of their violation, and for appropriate equitable or other relief tailored to the harm suffered by Plaintiff. See 29 CFR 825.300 (e).

## COUNT II
## DISABILITY DISCRIMINATION
## AMERICANS WITH DISABILITIES ACT, 42 U.S.C. §§ 12101 et seq.

66. Plaintiff repeats and realleges every allegation made in the above paragraphs of this complaint.

67. Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I, Section 12112, Discrimination [Section 102] states: "(a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

68. Under the McDonnell Douglas burden-shifting analysis, Plaintiff must establish a *prima facie* case for discrimination, namely that he (1) has a disability, (2) is a qualified

individual, and (3) has suffered and adverse employment action (4) under circumstances giving rise to an inference of discrimination. <u>Turner v. Hershey Chocolate USA</u>, 440 F.3d 604, 611 (3d Cir. 2006).

69. Furthermore, it is well-settled law that, under the ADA, employers have an obligation to provide a reasonable accommodation for a disabled employee and that the failure to provide a reasonable accommodation to an employee's known disability is a form of discrimination. 42 U.S.C. § 12112(b)(5)(A).

70. It is undisputed that (1) Plaintiff's spinal injury diagnosis qualifies as a disability; (2) Plaintiff's experience and performance establish he was qualified; and (3) Plaintiff was terminated (4) a short time after requesting a reasonable accommodation related to his spinal injury diagnosis.

71. Defendants cannot show a legitimate nondiscriminatory reason for their actions and any reasons proffered by Defendants for terminating Plaintiff's employment are pretextual and can readily be disbelieved.

72. Defendants engaged in an unlawful discriminatory practice by discriminating and retaliating against Plaintiff because of his disability and refusing to provide Plaintiff with a reasonable accommodation.

73. Because of Defendants' violation of the ADA, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, mental pain and suffering; humiliation; emotional distress; diminishment of career opportunity; harm to his business reputation; loss of self-esteem; disruption to his family life; and other harm, pain and suffering, both tangible and intangible.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory damages, including past and future damages for pay, bonuses, personal days, overtime, benefits, and emotional distress; consequential damages; punitive damages; attorneys' fees; expert witness fees; costs of suit; interest; and all other relief deemed equitable and just.

**COUNT III**
**DISABILITY DISCRIMINATION**
**NEW JERSEY LAW AGAINST DISCRIMINATION ("NJLAD"), N.J.S.A. 10:5-1 et seq.**

74. Plaintiff repeats and realleges every allegation made in the above paragraphs of this complaint.

75. Pursuant to the NJLAD, Defendant had a duty to maintain a work environment free of disability discrimination.

76. Under the NJLAD, Plaintiff must establish a *prima facie* case for disability discrimination, namely that he (1) has a disability, (2) is a qualified individual, and (3) has suffered and adverse employment action (4) under circumstances giving rise to an inference of discrimination.

77. Furthermore, it is well-settled law that, under the NJLAD, employers have an obligation to provide a reasonable accommodation for a disabled employee and that the failure to provide a reasonable accommodation to an employee's known disability is a form of discrimination.

78. It is undisputed that (1) Plaintiff's spinal injury diagnosis qualifies as a disability; (2) Plaintiff's experience and performance establish he was qualified; and (3) Plaintiff was terminated (4) a short time after requesting a reasonable accommodation related to his spinal injury diagnosis.

79. Defendants cannot show a legitimate nondiscriminatory reason for their actions, and any reasons proffered by Defendants for terminating Plaintiff's employment are pretextual and can readily be disbelieved.

80. Defendants engaged in an unlawful discriminatory practice by discriminating and retaliating against Plaintiff because of his disability and refusing the provide Plaintiff with a reasonable accommodation.

81. As a direct and proximate result of Defendants' wrongful termination of Plaintiff, Plaintiff was deprived of his right to equal employment opportunities on the basis of his disability.

82. Because of Defendants' violation of the NJLAD, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, mental pain and suffering; humiliation; emotional distress; diminishment of career opportunity; harm to his business reputation; loss of self-esteem; disruption to his family life; and other harm, pain and suffering, both tangible and intangible.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory damages, including past and future damages for pay, bonuses, personal days, overtime, benefits, and emotional distress; consequential damages; punitive damages; attorneys' fees; expert witness fees; costs of suit; interest; and all other relief deemed equitable and just.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants in an amount to be determined at the time of trial plus interest, including, but not limited to, reinstatement, back pay and front pay, emotional distress, liquidated damages, statutory damages, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

**DEREK SMITH LAW GROUP, PLLC**

IAN M. BRYSON, ESQUIRE
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(215) 391-4790
ian@dereksmithlaw.com
*Attorneys for Plaintiff*

Dated: June 17, 2019